United States District Court
Southern District of Texas
**ENTERED**
January 27, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MARCUS DELEON, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 2:19-CV-289 |
| | § | |
| LORIE DAVIS, | § | |
| | § | |
| Respondent. | § | |

# MEMORANDUM AND RECOMMENDATION

Petitioner, Marcus DeLeon, is a state prisoner incarcerated at the Stevenson Unit in Cuero, TX. (D.E. 1). Proceeding *pro se*, he filed this habeas corpus petition pursuant to 28 U.S.C. § 2254, challenging his 2006 Live Oak County convictions for indecency with a child. (D.E. 1). Pending is Respondent's Motion to Dismiss filed on November 20, 2019. (D.E. 9). Petitioner filed a timely response on January 9, 2020. (D.E. 14).[1] For the reasons stated below, it is respectfully recommended that the Court **GRANT** Respondent's Motion and **DISMISS** this action as time barred. The undersigned further recommends that the Court **DENY** a Certificate of Appealability.

## I. JURISDICTION

The Court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §§ 2241 and 2254. A habeas action may be filed either in the district where

[1]At Petitioner's request, he was given until January 13, 2020 to file a response to the pending Motion. (D.E. 12). Petitioner's objections to Respondent's Motion to Dismiss are construed as his Response to the Motion. (D.E. 14).

petitioner is in custody or in the district in which petitioner was convicted. 28 U.S.C. § 2241(d); *Wadsworth v. Johnson*, 235 F.3d 959, 961 (5th Cir. 2000). Jurisdiction and venue are proper in this Court because Petitioner was convicted within the Corpus Christi Division of the Southern District of Texas. *Id.*; 28 U.S.C. § 124(b)(6).

## II. BACKGROUND

On February 16, 2006, after a jury trial, Petitioner was found guilty on four counts of indecency with a child. (D.E. 1, Page 2). Petitioner filed a direct appeal and his conviction was affirmed on August 28, 2007. *DeLeon v. State*, No. 13-06-100-CR, 2007 WL 2428628, at *1 (Tex. App. – Corpus Christi 2007, pet. ref'd); (D.E. 10-16 and D.E. 10-17). Petitioner then filed a petition for discretionary review ("PDR") which was refused on January 16, 2008. *Id.*; *DeLeon v. State*, PD-1628-07 (Tex. Crim. App. 2008). Over ten years later, Petitioner filed a second PDR on or about May 17, 2018 which was refused on July 25, 2018. *DeLeon v. State*, PD-0506-18 (Tex. Crim. App. 2018); (D.E. 10-8 and D.E. 10-9). On or about January 2, 2019, Petitioner filed a state habeas application challenging his convictions which was denied by the Texas Court of Criminal Appeals ("CCA") without a written order on April 3, 2019. (D.E. 10-28 and D.E. 10-33, Page 20). On September 23, 2019, Petitioner filed the pending federal habeas petition. (D.E. 1, Page 10).

## III. APPLICABLE LAW

Respondent asserts this action should be dismissed as time barred. The undersigned agrees. Petitioner's habeas petition is not timely filed pursuant to the

Antiterrorism and Effective Death Penalty Act ("AEDPA") which establishes a one-year statute of limitations period runs from the latest of four alternative dates:

> (A) the date on which the judgment become final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). This period is tolled during the time a petitioner properly files for state post-conviction writ review. 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.") Petitioner filed his current petition after the effective date of AEDPA and so is subject to its provisions. *Lindh v. Murphy*, 521 U.S. 320 (1997).

Petitioner did not file a petition for writ of certiorari and therefore, his conviction became final on April 15, 2008, when the time for filing a petition for writ of certiorari expired 90 days after his first PDR was refused on January 16, 2008. *See* 28 U.S.C. § 2244(d)(1)(A); *Bradshaw v. Davis*, 736 F. App'x 457, 459-61 (5th Cir. 2018). As such, Petitioner had one year, until April 15, 2009, to timely file a federal application for habeas corpus relief. Petitioner's second PDR and his state habeas application filed well

after the limitations period ended "did not statutorily toll the limitation clock." *Palacios v. Stephens*, 723 F.3d 600, 604 (5th Cir. 2013). Petitioner filed the pending federal habeas petition on September 23, 2019, over ten years too late. 28 U.S.C. §2244(d).

However, the one-year period of limitations in § 2244(d)(1) of AEDPA is not a jurisdictional bar and can be equitably tolled in rare and exceptional circumstances. *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). A petitioner is entitled to equitable tolling if he shows that he has been pursuing his rights diligently and that some extraordinary circumstance stood in his way and prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010) (citations omitted); *see also Palacios v. Stephens*, 723 F.3d 600, 604 (5th Cir. 2013) (citing *Manning v. Epps*, 688 F.3d 177, 183 (5th Cir. 2012) (citations omitted)). "[N]either excusable neglect nor ignorance of the law is sufficient to justify equitable tolling." *Id.*; *See also Sutton v. Cain*, 722 F.3d 312, 317 (5th Cir. 2013) (citing *Fierro v. Cockrell*, 294 F.3d 674, 683 (5th Cir. 2002) (It is "clear that a lack of knowledge of the law, however understandable it may be, does not ordinarily justify equitable tolling.") (citation omitted). Nor does unfamiliarity with the legal process (whether the unfamiliarity is due to illiteracy or any other reason) or lack of representation during the applicable filing period merit equitable tolling. *Turner v. Johnson*, 177 F.3d 390, 393 (5th Cir. 1999) (citation omitted).

Petitioner does not allege any reasons to support suggest equitable tolling applies. Petitioner fails to allege sufficient "extraordinary circumstances" that prevented him from timely filing his claim. Petitioner also did not diligently pursue his rights, delaying over ten years past the deadline to pursue his federal habeas remedy. Additionally,

Petitioner's claims do not concern a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review. Lastly, Petitioner's claim is based upon evidence that was available to him during the limitations period. Without a basis for equitable or statutory tolling, Petitioner's writ should be dismissed as time barred.

Petitioner asserts his actual innocence presents extraordinary circumstances which warrant an equitable exception to the limitations period, it is respectfully recommended Petitioner fails to meet the actual innocence standard. "A claim of actual innocence, standing alone, is not a 'rare and exceptional circumstance' that warrants equitable tolling of the statute of limitations 'given that many prisoners maintain they are innocent.'" *Jones v. Quarterman*, CIVA H-08-3212, 2009 WL 5216873, at *3–4 (S.D. Tex. Dec. 29, 2009) (citing *Felder v. Johnson,* 204 F.3d 168, 171 (5th Cir.2000) (other citations omitted). However, the Supreme Court has held that a plea of actual innocence may serve as a gateway exception through which a petitioner may avoid procedural bars or the expiration of the statute of limitations. *McQuiggins v. Perkins*, 133 S.Ct. 1924, 1928 (2013) (citation omitted). The Supreme Court made it clear, however, that "tenable actual-innocence gateway pleas are rare" and "a petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id*. (citation omitted). Petitioner fails to cite to any evidence in his petition showing he satisfies the demanding actual innocence standard and does not provide any sufficient newly discovered evidence in support of his claim other than his own conclusory

allegations. While Petitioner attaches an unsworn document sent to him on July 16, 2010, allegedly from the victim's aunt, where she states someone told her the victim admitted to lying about Petitioner's actions, this is insufficient evidence to meet the actual innocence standard. (D.E. 14, Page 17-18). Petitioner has failed to demonstrate that in light of this evidence, even if properly authenticated, no juror would have voted to find him guilty. Therefore, it is respectfully recommended that the Court find Petitioner fails to meet the actual innocence standard.

## IV. CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the Court of Appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Petitioner has not yet filed a notice of appeal, it is respectfully recommended that this Court nonetheless address whether he would be entitled to a certificate of appealability ("COA"). A district court ruling on a petitioner's relief may *sua sponte* rule on a COA because it "is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. Further briefing and argument on the very issues the court has just ruled on would be repetitious." *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000)(per curiam).

A COA "may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). As to

claims the Court rejects solely on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). As to claims the Court rejects solely on procedural grounds, the Petitioner must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*. (emphasis added).

In Petitioner's case, it is recommended that the Court find his claims be dismissed on procedural grounds. Reasonable jurists would not find that Petitioner has stated a valid claim of denial of a constitutional right, or that the assessment of limitations in this case is debatable. If the District Judge orders that Petitioner's habeas petition be denied and Petitioner seeks a COA in order to proceed with his case, it is further recommended that the Court find a COA be denied because he has not made the necessary showing for issuance.

## V. RECOMMENDATION

Based on the foregoing, it is respectfully recommended that the Court **GRANT** Respondent's Motion (D.E. 9) and **DISMISS** this case as time barred. It is further recommended that the Court **DENY** a certificate of appealability.

ORDERED this 27th day of January, 2020.

Jason B. Libby
United States Magistrate Judge

NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(c); Rule 72(b) of the Federal Rules of Civil Procedure; and Article IV, General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a Magistrate Judge's report and recommendation within **FOURTEEN (14) DAYS** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc).